UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dean Scott Johnson and
James R. Render,

      Plaintiffs,

vs.

Scott Knight, individually and in his
capacity as the Chief of Police for
the City of Chaska, and the City
of Chaska,

      Defendants.

Civil No. 17-cv-4983 PJS/BRT

---

## DEFENDANTS' ANSWER TO THE COMPLAINT

---

COME NOW Defendants Scott Knight, individually and in his capacity as the Chief of Police for the City of Chaska, and the City of Chaska (collectively "Defendants"), for their Answer to Plaintiffs' Complaint, state and allege as follows:

1. Unless hereafter admitted, qualified or otherwise answered, these answering parties deny each and every, thing, matter, and particular alleged in Plaintiffs' Complaint.

2. These answering parties specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988 and, further, deny Plaintiffs sustained any deprivation of rights under the Fourth Amendment or any other state or federal statutory or constitutional injuries as alleged in Plaintiffs' Complaint.

3. These answering parties affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, proper and pursuant to probable cause.

4. These answering parties affirmatively allege at all times material hereto, they were acting in their official capacities as City of Chaska employees.

5. These answering parties affirmatively allege Plaintiffs' actions asserted against them are official capacity actions only.

6. With respect to paragraphs 1 and 2 of Plaintiffs' Complaint, these answering parties are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in these paragraphs.

7. With respect to paragraphs 3 and 4, these answering parties admit the allegations.

8. With respect to paragraph 5, these answering parties admit Sunday, October 2, 2016, was the final day of the Ryder Cup golf competition at Hazeltine

National Golf Club in the City of Chaska, Minnesota. These answering parties affirmatively allege there were over 50,000 spectators in attendance for the final round of the event. These answering parties admit Plaintiff Dean Scott Johnson landed a float plane on Lake Hazeltine, which is adjacent to, and immediately to the north of Hazeltine National where the spectators were located. These answering parties deny the plane landed at 3:15 p.m. These answering parties are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted in this paragraph, and therefore deny the same and put Plaintiffs to their strict burden of proof.

9. With respect to paragraph 6, these answering parties admit the allegations.

10. With respect to paragraph 7, these answering parties deny the allegations.

11. With respect to paragraphs 8 through 10, these answering parties are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in these paragraphs, and therefore deny the same and put Plaintiffs to their strict burden of proof.

12. With respect to paragraph 11, these answering parties deny the allegations.

13. With respect to paragraph 12, these answering parties are without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiffs' allegation they believed they were free to leave. These answering parties deny the remaining allegations asserted in this paragraph.

14. With respect to paragraphs 13 through 15, these answering parties affirmatively allege a City of Chaska police officer informed Plaintiffs they were in violation of a City of Chaska ordinance prohibiting floating devices on Lake Hazeltine during the Ryder Cup. These answering parties admit Johnson explained he was unaware of the ordinance. These answering parties deny the remaining allegations asserted in these paragraphs.

15. With respect to paragraphs 16 through 18, these answering parties deny the allegations.

16. With respect to paragraphs 19 through 34, these answering parties affirmatively allege Plaintiffs were escorted off Lake Hazeltine and transported to the nearest residence where they were identified and released at the scene. These answering parties admit Plaintiffs were informed they would be able to return to the plane after the event was over and the fans had left. These answering parties affirmatively allege Plaintiffs were transported to McDonald's at their request, and were left unaccompanied by officers. These answering parties deny the remaining allegations asserted in these paragraphs.

17. With respect to paragraphs 35 through 39, these answering parties are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in these paragraphs, and therefore deny the same and put Plaintiffs to their strict burden of proof.

18. With respect to paragraphs 40 and 41, these answering parties deny the allegations.

19. With respect to paragraph 42, these answering parties deny the allegations and aver the prosecution of the charges was handled by the Carver County Attorney's Office. These answering parties are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted in this paragraph.

20. With respect to paragraph 43, these answering parties incorporate by reference the foregoing paragraphs.

21. With respect to paragraphs 44 through 54, these answering parties deny the allegations.

22. With respect to paragraph 55, these answering parties incorporate by reference the foregoing paragraphs.

23. With respect to paragraphs 56 through 58, these answering parties deny the allegations.

24. These answering parties join in Plaintiffs' request for a jury trial.

25. With respect to the claim for relief on page 12 of Plaintiffs' Complaint, these answering parties deny Plaintiffs are entitled to any of the requested relief.

26. These answering parties affirmatively allege Plaintiffs' claims are barred by the legal doctrines of qualified, statutory, official, absolute, and prosecutorial immunity.

27. These answering parties specifically deny violating Plaintiffs' Fourth Amendment rights and specifically deny Plaintiffs were unlawfully seized as alleged in Count I of Plaintiffs' Complaint.

28. These answering parties specifically deny making any defamatory statements as alleged in Count II of Plaintiffs' Complaint.

29. These answering parties affirmatively allege Plaintiffs' Complaint fails to state a cause of action for claims upon which relief can be granted.

30. These answering parties are without sufficient knowledge to form a belief as to the truth of Plaintiffs' alleged damages and, therefore, deny the same and demand strict proof thereof.

31. These answering parties allege any injuries or damages sustained by Plaintiffs were caused by, due to and the result of careless, negligent and unlawful conduct on the part of Plaintiffs, and Plaintiffs' fault was greater than

any fault of any other person and, therefore, these answering parties are not liable to Plaintiffs.

32. These answering parties deny punitive damages are actionable or available for this incident.

33. These answering parties admit generally federal questions should be resolved in federal court; however, the incident involving Plaintiffs did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny jurisdiction of this Court.

**WHEREFORE,** these answering parties pray Plaintiffs take nothing by this pretended claim for relief herein; that these answering parties be given judgment against Plaintiffs, dismissing Plaintiffs' cause of action with prejudice; that these answering parties be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

IVERSON REUVERS CONDON

Dated: November 22, 2017       By  s/Jason M. Hiveley
    Jason M. Hiveley, #311546
    Andrew A. Wolf, #398589
Attorneys for Defendants
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200
jasonh@irc-law.com
andrew@irc-law.com