UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Dean Scott Johnson, and James R. Render, | Court File No. 17-cv-4983 PJS/BRT |
| Plaintiffs, | |
| v. | **JOINT RULE 26(f) REPORT** |
| Scott Knight, and the City of Chaska, | |
| Defendants. | |

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on December 15, 2017 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for December 20, 2017 at 11:00 a.m. before United States Magistrate Judge Becky R. Thorson in Courtroom 6A of the U.S. Courthouse in Saint Paul, Minnesota. The parties <u>request</u> that the pretrial be held by telephone.

(a) Description of the Case.

  (1) Concise factual summary of plaintiff's claims:

  Plaintiffs claim that Defendants violated their civil rights by illegally detaining them without reasonable suspicion and illegally arresting them without probable cause when they landed their float plan on Lake Hazeltine during the Ryder Cup golf event at Hazeltine's National Golf Club in October 2016.

  (2) Concise factual summary of defendant's claims/defenses:

  Defendants deny violating Plaintiff's constitutional rights. Defendants submit Plaintiff has failed to support a 42 U.S.C. § 1983 claim. Defendants submit their actions were objectively reasonable and Plaintiff's claims are barred by the legal doctrines of qualified and official immunity.

  (3) Statement of jurisdiction (including statutory citations):

      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

  (4)    Summary of factual stipulations or agreements:

      <u>None</u>.

  (5)    Statement of whether a jury trial has been timely demanded by any party:

      <u>A jury trial has been timely demanded</u>.

  (6)    Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

<u>The parties do not agree</u>.

(b)  Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

<u>Process has been served and pleadings filed by all parties.</u>

(c)  Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1)    The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before <u>February 1, 2018</u>.

(2)    The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by <u>           N/A           </u>.

(3)    The parties must commence fact discovery procedures in time to be completed by <u>August 1, 2018</u>.

(4)    The parties propose that the Court limit the use and numbers of discovery procedures as follows:

      (A)  <u>     25     </u> interrogatories;

    (B)     25     document requests;

    (C)     5     factual depositions;

    (D)     25     requests for admissions;

    (E)     N/A     Rule 35 medical examinations; and

    (F)     N/A     other.

(d) Expert Discovery.

  (1) The parties anticipate that they may require expert witnesses at the time of trial.

    (A) If experts are retained, the plaintiffs anticipate calling <u>1</u> (number) expert in the fields of: <u>law enforcement</u>.

    (B) The defendant anticipates calling <u>2</u> (number) experts in the fields of: <u>Law enforcement and aviation</u>,

  (2) The parties propose that the Court establish the following plan for expert discovery:

    (A) Initial experts.

      (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before <u>June 1, 2018</u>.

      (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>June 1, 2018</u>.

    (B) Rebuttal experts.

      (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before <u>August 1, 2018</u>.

      (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>August 1, 2018</u>.

  (3) All expert discovery must be completed by <u>September 14, 2018</u>.

(e) Other Discovery Issues.

(1) Protective Order. The parties <u>do not believe</u> that a protective order is necessary.

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced.  The parties <u>do not believe</u> ESI will create any issues or disputes.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.  <u>The parties do not require any special agreements with respect to privilege</u>.

(4) The parties:

√ agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

☐ agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by <u>March 1, 2018</u>.

(2) Motions seeking to amend the pleadings must be filed and served by <u>March 1, 2018</u>.

(3) All other non-dispositive motions must be filed and served by <u>September 1, 2018</u>.

(4) All dispositive motions must be filed and served by <u>November 1, 2018</u>.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after <u>December 1, 2018</u>.

(2) The parties propose that the final pretrial conference be held on or before <u>TBD</u>.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

<u>The City of Chaska and its employees are insured by the League of Minnesota Cities Insurance Trust with a policy limit of $2 million.</u>

(i) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the <u>Plaintiff</u> making a written demand for settlement and <u>Defendants</u> making a written response/offer to the demand.

(2) The parties propose that a settlement conference be scheduled to take place before <u>Trial</u>.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

<u>Settlement conference with Magistrate Judge.</u>

(j) Trial by Magistrate Judge.

The parties <u>have not</u> agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

HOVLAND & RASMUS, PLLC

Dated: December 15, 2017   By s/ Dan Rasmus
Dan Rasmus (#260289)
drasmus@hovlandrasmus.com
6800 France Avenue S., Suite 190
Edina, MN 55435
Telephone: (612) 874-8550
Facsimile: (612) 874-9362

*Attorneys for Plaintiffs*

|  |  |
|---|---|
|  | IVERSON REUVERS CONDON |
| Dated: December 15, 2017 | By s/ Jason M. Hiveley |
|  |    Jason M. Hiveley, #311546 |
|  |    Andrew A. Wolf, #398589 |
|  | 9321 Ensign Avenue South |
|  | Bloomington, MN 55438 |
|  | jasonh@irc-law.com |
|  | (952) 548-7200 |
|  |  |
|  | *Attorneys for Defendants* |
|  | *Scott Knight and the City of Chaska* |